# FEDERAL OPINIONS

## No. 867

### HOOPER-MANKIN CO. v. MATTHEW ADDY CO.

U. S. Appeals, 6th Circuit·

No. 4128.   Decided Mar. 6, 1925

313.  CORPORATIONS—Fact that stockholders in a corporation own stock in another, or that a corporation controls another, does not make one an agent or instrumentality of it.

KNAPPER, C. J.

The Hooper-Mankin Co. brought an action against the Matthew Addy Co. on an account for coal sold and delivered to the Matthew Addy Steamship and Commerce Corporation in the District Court for the Southern District of Ohio, upon the theory that the Steamship Co. was merely an agent or instrumentality of the Matthew Addy Co.  At the conclusion of the plaintiff's evidence a verdict was directed in favor of the Matthew Addy Co. for lack of substantial testimony to support the Hooper-Mankin Company's contention.

It seems that the Addy Co. dealt in coal, coke, pig iron, etc.  In December 1919 the Steamship Co. was organized and the Addy Co. and Heffernan & Pratt, export agents, created by the Addy Co. to increase its export trade, conveyed to the Steamship. Co. all their interest in the contracts and negotiations for purchase, sale or charter of ships, and purchase or sale of merchandise for export or import, the Steamship Co. agreeing to pay the Addy Co. out of profits, $51,000, claimed to have been expended in the development of its export trade.

The Addy Co. together with Heffernan and Pratt, took slightly more than half of the common stock and the Addy Co. took $100,000 worth of preferred stock of the Steamship Co.  Heffernan and Pratt became president and vice president respectively, of the Steamship Co.

During the early history of the Steamship Co., the Matthew Addy Co. had stood sponsor, in one form or another, in respect to certain individual transactions of the Steamship Co.  It had guaranteed the fulfillment of a coal contract to it, and became liable for the freight of a ship contracted prior to the Steamship Company's organization.

The Hooper-Mankin prosecuted error to the Circuit Court of Appeals contending that the Matthew Addy Co. was liable on the written contract for coal sold to the Steamship Co. because the latter was merely an instrumentality of the former.  The petition of. the Hooper-Mankin Co. contained no charge of misrepresentation or of concealment or misappropria-

tion of assets.  The Circuit Court of Appeals held:

1.  In the various transactions the Matthew Addy Co. made with the Steamship Co. in regards to its guaranteeing its fulfillment of a coal contract and its sponsoring certain individual transactions of the latter, it did not make any personal profit to itself except such as it might get as a stockholder in such Steamship Co.

2.  It seems clear from the evidence that it did not tend to show that at the time of the Hooper-Mankin Co. contract with the Steamship Co., the latter was a mere agent or instrumentality of the Matthew Addy Co. so as to automatically make the latter liable for the contracts of the former.

3.  "The mere fact that stockholders in two or more corporations are the same, or that one corporation exercises control over the other through ownership of its stock, or through identity of its stockholders, does not make either the agent of the other, nor does it merge them into one, so as to make a contract of one corporation binding upon the other, when each corporation is separately organized under a distinct charter."

4.  The court below in directing a verdict for the Matthew Addy Co., distinguished between the original purpose of the Steamship Company's organization and the conduct of the Matthew Addy Co., after the failure of the Steamship Co., as to which the court thought the Hooper-Mankin Company's remedy to be against the individual officers and directors administering the Steamship Company's affairs while insolvent and the misappropriation of its assets, as the evidence tended to show was done.

5.  The propriety of the direction of the verdict turns upon the validity of the distinction, so made between the original object and purpose of the Steamship Co., and (presumably) as operated up to and for a substantial time after the making of the coal contract, and its operation after its failure.

6.  The conclusion of the trial judge is sound and the connection with the alleged control of the Steamship Company's affairs by the Addy Co. prior to the taking of executive charge of the former's affairs by the latter, is not necessarily inconsistent with the existence of the Addy Co. as a separate and distinct legal entity.

Judgment of District Court affirmed.

Attorneys—Murray Seasongood for Hooper-Mankin Co.; John W. Peck and Julius R. Cramer for Matthew Addy Co.; all of Cincinnati.